IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TANGELO IP, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:17-cv-142 |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GAMESTOP CORP. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Tangelo IP, LLC ("Tangelo"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Tangelo is a Texas limited liability company with a place of business located at 555 Republic Drive, 2nd Floor #42, Plano, Texas 75074.

2. Defendant GameStop Corp. is a Delaware company with, upon information and belief, a place of business located at 625 Westport Parkway, Grapevine, Texas 76051.

3. Upon information and belief, Defendant registered with the Texas Secretary of State to conduct business in Texas.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

7. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## BACKGROUND

8. Tangelo's closely related operating entity is Tangelo, LLC (formerly known as Active8media, LLC), a developer of advanced interactive and shoppable image products. Tangelo's technology already is used by many major publishers to drive sales and connect readers and customers. Tangelo, LLC was awarded a MAX Marketing Award for its interactive image technology. It was also showcased on CNBC's Power Lunch for the implementation of Vogue Magazine's interactive ad images and the resulting highest revenue issue in Vogue's 110-year history.

9. Among other things, Tangelo, LLC operates Tangelo Images, a user interface application for creating interactive brand and user-generated photos. In addition, Tangelo, LLC launched Tangelo Tags within the Facebook app center to allow brand and individual users to create interactive and shoppable photos within Facebook's timeline. Tangelo, LLC has been recognized as a TAG Top 40 - Georgia's Most Innovative Companies.

10. Todd Mannik is a co-founder of Tangelo, LLC. Since at least 1999, Mr. Mannik has dedicated his career to focusing on the interactivity of photo images and the discovery of what's "inside" a photo. Mr. Mannik is the co-inventor of several patents, including the patent-in-suit, which represent pioneering advances in the transformation of images into interactive and shoppable images online.

**THE PATENT-IN-SUIT**

11. On April 23, 2013, U.S. Patent No. 8,429,005 (the "'005 patent"), entitled "Method for Determining Effectiveness of Display of Objects in Advertising Images," was duly and lawfully issued by the U.S. Patent and Trademark Office.  A true and correct copy of the '090 patent is attached hereto as Exhibit A.

12. Mr. Mannik is the first listed co-inventor on the patent-in-suit, which is U.S. Patent No. 8,429,005 (the "'005 patent").  The '005 patent is a continuation-in-part of U.S. Patent No. 6,535,889, which is a continuation-in-part of U.S. Patent No. 6,557,006.  The earliest filing in the priority chain leading up to the '005 patent is U.S. Patent Application No. 09/406,171, filed on Sep. 23, 1999.

13. The technology recited in the claims of the '005 patent provides an inventive concept and does not claim an abstract idea.  The inventive concept greatly enhances and facilitates technological methods and apparatuses which comprise providing of electronic and interactive catalogs comprising replications of product images appearing in a corresponding physical catalogs, wherein the electronic and interactive replications include selectable portions corresponding with the image replications, and wherein selection of the selectable portions provides additional product information and enables a user to initiate an online purchase of the product.

14. One inventive component of the '005 patent is improving electronic catalogs in ways that are necessarily rooted in computer technology to overcome problems specifically arising in the realm of computer networks, including the Internet.  The claims recite an invention that was not merely a routine or conventional use of the Internet.

15. The technology claimed in the '005 patent does not preempt all types of electronic

...

catalogs or anything else.  For example, the prior art cited on the face of the '005 patent remains available for practice by the Defendant, and the '005 patent claims do not preempt practice of those prior art methods.

16.  The '005 patent claims cannot be practiced by a human alone and there exists no human analogue to the methods claimed in the '005 patent.  The claims are specifically directed to, *inter alia*, the electronic and interactive replication of product images appearing in a corresponding physical publication page, wherein the electronic and interactive replications include selectable portions corresponding with duplications of the appearance of the product, and wherein selection of the selectable portions provides additional product information and enables a user to initiate an online purchase of the product.  These things exist only in the context of computers.

17.  Tangelo is the assignee and owner of the right, title and interest in and to the '005 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,429,005

18.  Tangelo repeats and realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

19.  Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of the '005 patent by practicing, making, using, importing, offering for sale, selling and/or hosting methods and computer readable media for methods, apparatuses, and computer readable media, including associated with websites and/or apps, for providing an electronic and interactive replication of product images appearing in a corresponding physical publication page.

20. More specifically and upon information and belief, Defendant's online catalog system for providing interactive replications of product images appears in a corresponding physical publication page.



http://www.gamestop.com/gs/pages/weeklyad/current/021517/pdf/OLFSI_021517.pdf ("Print Ad") (last accessed Feb. 17, 2017).



http://www.gamestop.com/weeklyad ("Online Ad") (last accessed Feb. 17, 2017). Defendant uses a computer system that associates a page number of a physical publication page with an electronic and interactive replication of at least a portion of the physical publication page, and the electronic catalog comprises exact duplications of the at least two different products from the physical publication.



Print Ad.



Online Ad. The electronic catalog includes a first selectable portion corresponding with

duplication of the appearance of a first product of the at least two different products and selection of the first selectable portion provides additional information about the first product and enables a user to initiate an online purchase of the first product



Online Ad.



http://www.gamestop.com/games/the-binding-of-isaac-afterbirth-nintendo-switch/141924   (last

accessed Feb. 17, 2017). The electronic catalog includes a second selectable portion corresponding with duplication of the appearance of a second product of the at least two different products and selection of the second selectable portion provides additional information about the second product and enables a user to initiate an online purchase of the second product.



Online Ad.



http://www.gamestop.com/games/1-2-switch-nintendo-switch/141905 (last accessed Feb. 17, 2017). A web server application is executed by the host computer and it provides the electronic and interactive representation to a computing device of a user in response to receiving input representing the page number.



Online Ad.

21. Tangelo is entitled to recover from Defendant the damages sustained by Tangelo as a result of Defendant's infringement of the '495 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Defendant's use of Tangelo's patented technology has caused, is causing and will continue to cause Tangelo irreparable harm unless enjoined by this Court.

## JURY DEMAND

Tangelo hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tangelo requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '005 patent;

B. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from making, using, offering to sell, or selling in the United States or importing into the United States any devices, methods or systems that infringe any claim of the '005 patent, or contributing to or inducing the same by others;

C. An award of damages to be paid by Defendant adequate to compensate Tangelo for Defendant's past infringement of the '005 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Tangelo's reasonable attorneys' fees; and

E. An award to Tangelo of such further relief at law or in equity as the Court deems just and proper.

Dated:  February 21, 2017          */s/ Richard C. Weinblatt*
                                                                Stamatios Stamoulis DE SB #4606
                                                                Richard C. Weinblatt DE SB #5080 – Lead Counsel
                                                                Stamoulis & Weinblatt LLC
                                                                Two Fox Point Centre
                                                                6 Denny Road, Suite 307
                                                                Wilmington, DE 19809
                                                                Telephone:  (302) 999-1540
                                                                Facsimile:  (302) 762-1688
                                                                stamoulis@swdelaw.com
                                                                weinblatt@swdelaw.com

                                                                *Attorneys for Plaintiff*
                                                                *Tangelo IP, LLC*